IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLARENCE SHEDWOOD BRANCH,<br><br>Petitioner,<br><br>v.<br><br>SCOTT CROWTHER,<br><br>Respondent. | **MEMORANDUM DECISION &<br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>Case No. 2:16-CV-11-DAK<br><br>Judge Dale A. Kimball |

THIS MATTER IS BEFORE THE COURT on Petitioner Clarence Shedwood Branch's petition for a writ of habeas corpus. 28 U.S.C.S. § 2254 (2017). The Court has carefully considered the pleadings and relevant law. Now being fully advised, the Court concludes that Petitioner's petition is untimely. See 28 *id*. § 2244(d)(1). The Court therefore DISMISSES the petition with prejudice.

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 *id*. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Petitioner did not appeal. Therefore, Petitioner's conviction became final on the last day he could have filed a notice of appeal.

Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal …

constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23, 62 P.3d 444.

Petitioner's judgment was entered December 22, 2005. The last day he could have filed a timely notice of appeal was thirty days later--January 21, 2006. By statute, that is the date Petitioner's conviction thus became final. The federal one-year limitation period began running on that date and expired on January 21, 2007. Petitioner filed his petition in this case on January 4, 2016, nearly nine years late.

## A. Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2017). The law provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not file his state post-conviction case until March 12, 2013, it did not toll AEDPA's limitation period, which had already expired more than six years before in January 2007.

## B. Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, offer arguments for equitable tolling. He suggests that he is not trained in the law; did not initially realize he may

have a claim; was delayed by the allegedly state-created impediment of contract-attorney lack of help and conflict of interest; and is actually innocent.

The Court addresses whether the circumstances underlying these arguments trigger equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

## Extraordinary or Uncontrollable Circumstance

Petitioner asserts that his lateness should be overlooked because he lacked legal resources, legal knowledge, and had only limited help and misinformation from prison contract attorneys. Petitioner has "failed to elaborate on how these circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005);

*see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2017) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established this first basis for equitable tolling.

### Actual Innocence

Equitable tolling is also available "when a prisoner is actually innocent." *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978). And, the evidence of actual innocence proffered must meet three criteria: (1) new, (2) reliable, and (3) so probative and compelling that no

reasonable juror could find guilt. *See Schlup v. Delo*, 513 U.S. 298, 324-29 (1995). Neither the first nor third requirements are met here.

First, the DNA evidence is not new. On its face, the DNA report dates from January 2005 and has been fully available to Petitioner since before his guilty pleas. Second, Petitioner has no plausible claim to actual innocence. The DNA report is inconclusive and does not exonerate him. Other evidence existed, including victim and Petitioner statements, that could have been used against him. Therefore, there is no basis to conclude that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 329.

## CONCLUSION

Having established that tolling does not apply here, the Court determines that the period of limitation ran out on January 21, 2007—almost nine years before the filing of this petition. With no extraordinary circumstances deterring him from diligently pursuing his federal habeas claims, Petitioner inexcusably let his rights lie fallow for years. Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claims are thus denied.

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED**. (Docket Entry #

12.) This action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **CLOSED**.

DATED this 15th day of August , 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge